. UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-81539-MIDDLEBROOKS

DANIEL LUGO,

        Plaintiff,

v.

KEY ENDEAVORS, LLC,

        Defendant.

_____/

## ANSWERS TO COURT'S INTERROGATORIES

I, Daniel Lugo, declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct:

1. Residence Address.

    ANSWER: 9162 SW 5th Street, Unit C, Boca Raton, Fl. 33428.

2. Name of current employer and place of employment.

    ANSWER: None.

3. Describe the nature of your disability.

    ANSWER: I suffered permanent damage to my spinal cord as a result of a broken neck caused by a motor vehicle collision. I must use a wheelchair to ambulate and I have limited use of my hands and fingers.

4. Date(s) and time(s) that you visited the subject property.

    ANSWER: I visited the websites of the Knowles House, knowleshouse.com and booking.com, on October 2, 2022. I do not recall the time.

5. Did anyone accompany you? If so, who?

    ANSWER: No.

6. What is the proximity of the subject property to your home and/or place of employment?

    <u>ANSWER</u>: The subject property is approximately 200 miles from my home.

7. Describe your last patronage of the subject property.

    <u>ANSWER</u>: None.

8. Describe the definiteness of your plans to return to the subject property.

    <u>ANSWER</u>: At this point, not knowing whether the facility is accessible to me, I have no definite plans to visit it but I will visit the online hotel reservation systems within 30 days to determine whether I can use the facility and to test the online reservation systems for compliance with 28 CFR Section 36.302 (e)(1).

9. Specifically list each architectural barrier that you personally observed or experienced at the subject property. Alternatively, if the violations alleged in this suit pertain to a website associated with Defendant, specifically list each access barrier that you personally observed or experienced on the website.

    <u>ANSWER</u>: When I visited the online reservation systems for the Knowles House, I tried to make a reservation for an accessible hotel room, since I require an accessible hotel room due to my inability to walk, but it was not possible to make such a reservation. It was possible to reserve a hotel room that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible hotel rooms during the same hours and in the same manner as individuals who do not need accessible hotel rooms. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When I visited the online reservation systems for the Knowles House I searched the sites for the identification and descriptions of accessible features at the facility and hotel rooms offered through the reservation services so that I could assess independently whether the facility or a specific hotel room met my accessibility needs in light of my disability but the reservation services contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservation services do not describe any accessible hotel room and do not, in turn, allow the reserving of such accessible hotel room, the Websites cannot hold such an unavailable accessible hotel room in the reservation systems until all other units have been rented, block such unavailable accessible hotel rooms from the systems once reserved, and guaranty that such unavailable accessible hotel rooms will be held for the reserving customer as required by sections (iii) - (v) respectively.

10. Did you take notes or make a contemporaneous record of these barriers? If so, attach a copy to these Answers.

    <u>ANSWER</u>: No.

11. What notice of deficiencies or other efforts did you make to resolve your complaints before filing suit?

    ANSWER: None.

    Executed on 10-10-2022

    *Daniel Lugo* (signature)

    Daniel Lugo

12. To what extent has counsel for Plaintiff conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether or not Defendant or the property at issue has ever been sued prior to the filing of this suit, for alleged violations of the ADA?

    ANSWER: The undersigned counsel for the Plaintiff conducted a search of case filings in the records of the Clerks of the United States District Courts via Lexis Courtlink prior to filing suit in this action in order to ascertain whether the Defendant or the Defendant's facilities have ever been sued prior to the filing of this suit for any alleged violations of the ADA. The undersigned concluded that the defendant was not sued before for violations of its online hotel reservation system.

13. If there has been a prior filing, counsel shall state whether or not Defendant (and/or property owned by Defendant and the subject-matter of this suit) has complied with any settlement in the prior litigation, and if not, what remains to be done under the prior litigation.

    ANSWER: N/A

            As to interrogatories, 12 and 13, the undersigned counsel for Plaintiff declares under penalty of perjury under the laws of the United States of America, that the answers are true and correct.

            Executed on   10/10/22  .

            s/Lee D. Sarkin
            DREW M. LEVITT
            drewmlevitt@gmail.com
            Florida Bar No. 782246
            LEE D. SARKIN
            LSarkin@aol.com
            Florida Bar No. 962848
            4700 N.W. Boca Raton Blvd., Suite 302
            Boca Raton, Florida 33431
            Telephone (561) 994-6922
            Attorneys for Plaintiff

3